IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
LOUISIANA

| | |
|---|---|
| LEO LEWIS | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| THE PARISH OF JEFFERSON; | ) |
| THE JEFFERSON PARISH | ) |
| SHERIFF'S OFFICE; | ) |
| JOSEPH P. LOPINTO, III; | ) |
| WAYNE RUMORE; | ) |
| JULIO ALVARADO; DONALD CLOGHER; | ) |
| KURT ZEAGLER; BRAEDON COHEN; | ) |
| and NICHOLAS BROUSSARD | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Petitioner Leo Lewis, father of Leo Brooks the decedent, hereby complains of Defendants the Parish of Jefferson, the Jefferson Parish Sheriff's Office, Sheriff Joseph Lopinto, III, Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard, stating as follows:

### Introduction

1.   On July 17, 2019, Defendants mercilessly shot Leo Brooks in the back as he lay prone, facedown, and handcuffed on the floor at 2220 Cleary Avenue, Apartment 231, Metairie, Louisiana, thereby killing Mr. Lewis' son.

2.   After killing Mr. Lewis' son, Defendants attempted to hide their egregious unconstitutional conduct through spoliation and fabrication of evidence in direct

violation of their duty to uphold the law.

3. Defendants' egregious misconduct was not an isolated incident. Nearly every officer directly involved with the death of Mr. Lewis' son has been sued for the use of excessive force. Before and after Mr. Lewis' son was killed, several of Mr. Brooks' acquaintances and friends were severely beaten, unconstitutionally searched, harassed, monitored, and deprived of basic constitutional safeguards such as, but not limited to, the recitation of their Miranda rights. Despite knowledge of this pattern of violence and unconstitutional behavior, the Parish of Jefferson, the Jefferson Parish Sheriff's Office, Sheriff Joseph Lopinto, III, and other administrative staff failed to take any adequate action to prevent these incidences, like that used against Mr. Lewis' son, from occurring.

4. As a result of this egregious misconduct, Petitioner seeks relief through the Civil Rights Act of 1871, 42 U.S.C. §1983, for the gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Mr. Brooks, an American citizen, by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Petitioner also brings applicable state claims under Louisiana law.

## Jurisdiction and Venue

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, one or more Defendants reside in this judicial district, and a substantial portion of the events giving rise to the claims asserted herein occurred within this district.

## Parties

7. Petitioner Leo Lewis is the father of the decedent, Mr. Leo Brooks. Mr. Brooks had no spouse or descendants at the time of his death.

8. The Parish of Jefferson operates and/or oversees the Jefferson Parish Sheriff's Office. At all times relevant to the events at issue in this case, the Parish of Jefferson has received federal funding.

9. The Jefferson Parish Sheriff's Office (hereinafter referred to as "JPSO") oversees, supervises, and/or manages Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard. At all times relevant to the events at issue in this case, the JPSO has received federal funding.

10. At all times relevant to his involvement in this case, Defendant Joseph P. Lopinto, III was the sheriff of the JPSO. Defendant Lopinto is sued here in his individual capacity. As the sheriff of the JPSO, Defendant Lopinto was responsible for creating and maintaining policies and practices related to the use of force by staff, policies and practices to prevent the use of excessive force by staff, and policies and practices related to the provision of medical care and access to medical care. At all times relevant to the events at issue in this case, Defendant Lopinto was acting under color of law and within the scope of his employment with the JPSO.

11. At all times relevant to his involvement in this case, Defendant Wayne Rumore was a sergeant with the JPSO. Defendant Rumore is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Rumore

was acting under color of law and within the scope of his employment with the JPSO.

12. At all times relevant to his involvement in this case, Defendant Julio Alvarado was a sergeant at the JPSO. Defendant Alvarado is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Alvarado was acting under color of law and within the scope of his employment with the JPSO.

13. At all times relevant to his involvement in this case, Defendant Kurt Zeagler was a detective for the JPSO. Defendant Zeagler is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Zeagler was acting under color of law and within the scope of his employment with the JPSO.

14. At all times relevant to his involvement in this case, Defendant Donald Clogher was a detective for the JPSO. Defendant Clogher is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Clogher was acting under color of law and within the scope of his employment with the JPSO.

15. At all times relevant to his involvement in this case, Defendant Braedon Cohen was a deputy with the JPSO. Defendant Cohen is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Cohen was acting under color of law and within the scope of his employment with the JPSO.

16. At all times relevant to his involvement in this case, Defendant Nicholas Broussard was a deputy with the JPSO. Defendant Broussard is sued here in his individual capacity. At all times relevant to the events at issue in this case, Defendant Broussard was acting under color of law and within the scope of his employment with the JPSO.

17. Defendants ABC Insurance Companies 1-10 are not-yet-identified insurance companies that hold policies that cover any or all of the co-Defendants for their actions alleged herein. Petitioner reserves the right to amend this Petition upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

18. Defendants Doe 1-10 are persons presently unknown to Petitioner after diligent search and inquiry who may be a proper party and/or parties herein. Petitioner reserves the right to amend this Petition upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

## Allegations

19. On July 17, 2019, Leo Brooks was spending time with several friends at 2220 Cleary Ave., Apartment 231, Metairie, Louisiana, the home of an acquaintance who was working that day.

20. Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard drove to the location under the pretense of seeking a suspect.

21. Outside of the apartment on the steps, Defendants arrested Ramon Jackson, a friend of Mr. Brooks, without informing him of his Miranda rights and without even properly identifying Mr. Jackson.

22. During the arrest of Mr. Jackson, Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard pushed Mr. Jackson down a flight of stairs.

23. Next Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard, on the pretense of seeking a suspect, entered 2220 Cleary Ave., Apartment 231, Metairie, Louisiana.

24. Defendants entered into the apartment through the front door and into the living room without knocking, without probable cause, without a warrant, and without the consent of the owner of the apartment.

25. Within the living room, Defendants saw Dwayne Ard, another friend of Mr. Brooks, and arrested him without informing him of his Miranda rights and without even properly identifying Mr. Ard.

26. Defendants then saw a door connected to the living room which led to the bedroom. Defendants entered without knocking, without probable cause, without a search warrant, and without the consent of the owner of the apartment.

27. When Defendants entered, Mr. Brooks was asleep, face down, and prone upon the bed. His friend Bobby Bruer was also in the room as Mr. Brooks slept.

28. Defendants quickly arrested both Mr. Brooks and Mr. Bruer without informing them of their Miranda rights and without even properly identifying Mr. Brooks or Mr. Bruer. It should be noted that Defendants brutally beat Mr. Bruer.

29. Mr. Brooks was face down and prone upon the bed with his hands cuffed behind his back when Defendants arrested him.

30. Despite already being handcuffed and safely in custody, Defendant Broussard discharged his service weapon and thoughtlessly shot Leo Brooks in the back. Several officers fired after him.

31. Defendants fired a total of six shots and hit Mr. Brooks multiple times.

32. Despite shooting Mr. Brooks multiple times, Defendants made no urgent or concerted effort to provide emergency medical treatment or to help Mr. Brooks access medical treatment.

33. In an attempt to justify and hide their egregious and unconstitutional behavior, Defendants committed an overt act in furtherance of a conspiracy by obtaining a warrant after the fact for the apartment at 2220 Cleary Ave., Metairie, Louisiana and for Mr. Brooks on the charge of resisting arrest, despite Mr. Brooks being already dead.

## COUNT I
## 42 U.S.C. § 1983 – Unlawful Search (Fourth, Fifth, and Fourteenth Amendment)
### Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard

34. Each of the Paragraphs of this Complaint is incorporated herein.

35. As described more fully above, Defendants unlawfully entered 2220 Cleary Ave., Apartment 231, Metairie, Louisiana without probable cause, without a warrant, and without the consent of the owner.

36. Mr. Brooks and those within the apartment had a reasonable expectation of privacy.

37. In entering the premises unlawfully, these Defendants violated the constitutional rights of the Petitioner.

38. As a result of the unjustified and unconstitutional conduct of these Defendants, Mr. Lewis' son experienced pain, suffering, emotional distress, injury, and ultimately

death.

## COUNT II
### 42 U.S.C. § 1983 – Excessive Force (Fifth, Eighth, and Fourteenth Amendment)
### Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard

39.    Each of the Paragraphs of this Complaint is incorporated herein.

40.    As described more fully above, Defendants used excessive force against Mr. Lewis' son, thereby causing his death. That use of force was unreasonable in light of the facts and circumstances present at the time that the force was used.

41.    In using force against Mr. Lewis' son, these Defendants intentionally used extreme and/or excessive cruelty toward him for the very purpose of causing him harm, and not in a good faith effort to maintain or restore security or discipline.

42.    Additionally, these Defendants knew that using force presented a risk of harm to Mr. Lewis' son, but they recklessly disregarded that risk and Mr. Brooks' safety by failing to take reasonable measures to minimize that risk of harm.

43.    Defendants' use of force was unreasonable in light of all the circumstances present during the encounter.

44.    As a result of the unjustified and unconstitutional conduct of these Defendants, Mr. Lewis' son experienced pain, suffering, emotional distress, injury, and ultimately death.

## COUNT III
### 42 U.S.C. § 1983 – Failure to Intervene (Fifth, Eighth, and Fourteenth Amendment)

**All Defendants**

45. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

46. As described more fully above, all of the Defendants had a reasonable opportunity to prevent the violation of Mr. Brooks' constitutional rights as set forth above had they been so inclined, but failed to do so.

47. Defendants knew of a substantial risk of harm to Mr. Brooks' safety, but consciously disregarded that risk by failing to take reasonable steps to prevent the harm from occurring.

48. Defendants' failures to act were intentional, done with malice, and/or done with deliberate indifference to Mr. Brooks' rights.

49. As a result of Defendants' failure to intervene, Mr. Lewis' son experienced pain, suffering, emotional distress, injury, and ultimately death.

### COUNT IV
### 42 U.S.C. § 1983 – Denial of Medical Care (Fifth and Eighth Amendment)
### Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard

50. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

51. As described more fully above, Defendants had notice of Mr. Brooks' medical needs, the seriousness of his medical needs, and the exigent circumstances requiring immediate medical attention.

52. Despite this knowledge, Defendants took no action and failed to provide Mr. Brooks with emergency medical treatment and/or access to emergency medical treatment.

53. As a direct and proximate result of the illicit agreement referenced above, Mr. Brooks' rights were violated and he sustained injuries, including pain, suffering, emotional distress, and ultimately death.

## COUNT V
### 42 U.S.C. § 1983 – Conspiracy (Fourth and Fifth Amendment)
**Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard**

54. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

55. Defendants reached an agreement among themselves to deprive Mr. Lewis' son of his constitutional rights and to protect one another from liability for depriving Mr. Brooks of his rights, all as described in the various paragraphs of this Complaint.

56. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

57. The misconduct described in this Count was undertaken intentionally, with malice, and/or with deliberate indifference to Mr. Brooks' rights.

58. As a direct and proximate result of the illicit agreement referenced above, Mr. Brooks' rights were violated and he sustained injuries, including pain, suffering, emotional distress, and ultimately death.

## COUNT VI
### Wrongful Death (LA C.C. Art. 2315.2)
**Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler,**

**Braedon Cohen, and Nicholas Broussard**

59.     Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

60.     In the manner more fully described above, the actions of the Defendants wrongfully caused Mr. Brooks' death. They did so through their negligent hiring, training and supervision practices; by using excessive force against Mr. Brooks; by failing to intervene against the use of excessive force; by failing to provide Mr. Brooks with medical care or access to medical care; and by conspiring to violate Mr. Brooks' constitutional rights.

61.     Negligence claims fall under Louisiana Civil Code Article 2315 and Louisiana's duty/risk analysis. *Jenkins v. Fanguy*, 946 So.2d 201, 292 (La.App. 4 Cir. 11/15/06). Under duty-risk analysis for determining liability, a Petitioner must prove (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to Petitioner; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Stroik v. Ponseti*, 699 So.2d 1072, 1078 (La. 1997).

62.     In the manner described more fully above, the actions of Defendants were the cause-in-fact of the resulting harm, Defendants owed a duty of care to the Petitioner, the requisite duty was negligently breached by Defendants, and the risk of harm was within the scope of protection afforded by the duty breached. They did so by using excessive force against Mr. Brooks, failing to intervene to prevent the use of excessive force against Mr. Brooks, failing to provide Mr. Brooks medical care or access to medical care, conspiring to violate Mr. Brooks' constitutional rights, and/or failure

to hire, train, supervise, discipline and reprimand.

63. As a direct result of Defendants' misconduct, Mr. Brooks sustained injuries, including pain, suffering, emotional distress, and ultimately death.

64. Petitioner Leo Lewis, Mr. Brooks' father and the proper Petitioner pursuant to LSA-C.C. Art. 2315.2, claims damages for the wrongful death of his son, and for the loss of his son's services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel, and advice, for any and all funeral expenses, for all mental anguish arising from the death of his son, and any and all other expenses and damages pursuant to LSA-C.C. Art. 2315.2.

## COUNT VII
### Survival Claim (LA C.C. Art. 2315.1)
### Assault and Battery (LA C.C. Art. 2315)
**Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard**

65. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

66. In the manner described more fully above, Defendants committed an assault against Mr. Brooks by placing him in immediate apprehension of a non-consensual harmful contact.

67. In addition, Defendants intentionally made repeated harmful, physical contact with Mr. Brooks without valid cause.

68. Defendants committed these acts intentionally, willfully, and wantonly, and/or with intentional disregard of Mr. Brooks' rights.

69. As a direct and proximate result of Defendants' conduct, Mr. Brooks sustained injuries, including pain and suffering, emotional distress, and ultimately death.

70. Petitioner Leo Lewis, Mr. Brooks' father and the proper Petitioner pursuant to LSA C.C. Art. 2315.1, claims damages for the injuries suffered by his son as a result of Defendants' tortious conduct. Mr. Brooks filed no action during his lifetime, but under the law of the State of Louisiana, this action survives and may be asserted by Petitioner as the lawful surviving party.

### COUNT VIII
### Survival Claim (LA C.C. Art. 2315.1)
### Intentional Infliction of Emotional Distress (LA C.C. Art. 2315.6)
### Defendants Wayne Rumore, Julio Alvarado, Donald Clogher, Kurt Zeagler, Braedon Cohen, and Nicholas Broussard

71. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

72. In the manner more fully described above, by shooting and killing Mr. Brooks without reasonable justification, Defendants engaged in extreme and outrageous conduct.

73. Defendants' actions as set forth above were rooted in an abuse of power or authority.

74. As a direct and proximate result of Defendants' conduct, Mr. Brooks sustained injuries, including severe emotional distress and great conscious pain and suffering prior to his death.

75. Petitioner Leo Lewis, Mr. Brooks' father and the proper Petitioner pursuant to LSA C.C. Art. 2315.1, claims damages for the injuries suffered by Mr. Brooks as a

result of Defendants' tortious conduct. Mr. Brooks filed no action during his lifetime, but under the law of the State of Louisiana, this action survives and may be asserted by Petitioner as the lawful surviving party.

## COUNT IX
## Survival Claim (LA C.C. Art. 2315.1)
## Negligence (LA C.C. Art. 2315)
## All Defendants

76. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

77. Negligence claims fall under Louisiana Civil Code Article 2315 and Louisiana's duty/risk analysis. *Jenkins v. Fanguy*, 946 So.2d 201, 292 (La.App. 4 Cir. 11/15/06). Under duty-risk analysis for determining liability, a Petitioner must prove (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to Petitioner; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Stroik v. Ponseti*, 699 So.2d 1072, 1078 (La. 1997).

78. In the manner described more fully above, the actions of Defendants were the cause-in-fact of the resulting harm, Defendants owed a duty of care to the Petitioner, the requisite duty was negligently breached by Defendants, and the risk of harm was within the scope of protection afforded by the duty breached. They did so by using excessive force against Mr. Brooks, failing to intervene to prevent the use of excessive force against Mr. Brooks, failing to provide Mr. Brooks medical care or access to medical care, conspiring to violate Mr. Brooks' constitutional rights, and/or failure to hire, train, supervise, discipline and reprimand.

## COUNT X
## Survival Claim (LA C.C. Art. 2315.1)
## Negligence (LA C.C. Art. 2315)
## Vicarious Liability
## All Defendants

79. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

80. Parish of Jefferson, JPSO, Sheriff Joseph Lopinto, III, and any other supervising Defendants are liable to Petitioners for the constitutional violations as well as the negligent and intentional acts and omissions of those under their direction and control pursuant to Louisiana Civil Code article 2320 and the doctrine of respondeat superior.

81. Negligence claims fall under Louisiana Civil Code Article 2315 and Louisiana's duty/risk analysis. *Jenkins v. Fanguy*, 946 So.2d 201, 292 (La.App. 4 Cir. 11/15/06). Under duty-risk analysis for determining liability, a Petitioner must prove (1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to Petitioner; (3) the requisite duty was breached by the defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached. *Stroik v. Ponseti*, 699 So.2d 1072, 1078 (La. 1997).

82. In the manner described more fully above, the actions of Defendants were the cause-in-fact of the resulting harm, Defendants owed a duty of care to the Petitioner, the requisite duty was negligently breached by Defendants, and the risk of harm was within the scope of protection afforded by the duty breached. They did so by using excessive force against Mr. Brooks, failing to intervene to prevent the use of excessive force against Mr. Brooks, failing to provide Mr. Brooks medical care or access to

medical care, conspiring to violate Mr. Brooks' constitutional rights, and/or failure to hire, train, supervise, discipline and reprimand.

83. Prior to July 17, 2019, Defendants Lopinto, JPSO, and Jefferson Parish had notice that various Defendants were using excessive force against citizens in JPSO custody. Despite this knowledge, supervising Defendants failed to adequately supervise, discipline, or train them, or take any other reasonable measures to prevent them from using excessive force against citizens like Mr. Brooks.

84. At all times relevant to his involvement in this case, Defendant Lopinto was responsible for the creation, implementation, oversight, and supervision of policies, practices, and procedures regarding the use of force by the JPSO, the training of officers at the JPSO on the use of force, and the supervision and discipline of officers at JPSO.

85. By failing to take any minimally adequate action to address the pervasive use of excessive force by JPSO officers, the Parish of Jefferson, JPSO, and Defendant Lopinto were deliberately indifferent to the problem thereby effectively ratifying it.

86. Petitioner Leo Lewis, Mr. Brooks' father and the proper Petitioner pursuant to LSA C.C. Art. 2315.1, claims damages for the injuries suffered by Mr. Brooks as a result of Defendants' tortious conduct. Mr. Brooks filed no action during his lifetime, but under the law of the State of Louisiana, this action survives and may be asserted by Petitioner as the lawful surviving party.

**COUNT XI**
**Survival Claim (LA C.C. Art. 2315.1)**
**Louisiana Revised Statute § 22:655(B)**
**ABC Insurance Companies**

87. Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

88. Defendant ABC Insurance Companies, upon information and belief, have issued and/or currently have in effect one or more policies of insurance covering one or more of the Defendants named herein. For valuable consideration received, these policies obligated Defendant Insurance Companies, jointly and/or severally, to pay on behalf of their insured Defendant(s) any sums the insured Defendant(s) may become obligated to pay to Petitioner or to indemnify their insured Defendant(s) for any sums the insured Defendant(s) may become obligated to pay to Petitioner.

89. By reason of their illegal and unconstitutional acts, Defendants are liable to Petitioner for all damages and injuries Petitioner have suffered as a result. Upon information and belief, Defendant Insurance Companies are contractually obligated to pay these sums on behalf of the insured Defendant(s).

90. Upon information and belief, Defendant Insurance Companies are liable to Petitioner for any and all damages incurred by reason of the insured Defendant(s)' acts, up to their policy limits, notwithstanding the fact that the insured Defendant(s) may themselves be able to assert claims of privilege or immunity from liability.

91. Under Louisiana Revised Statute § 22:655(B), Petitioner brings a direct action against Defendant Insurance Companies to recover any and all sums they are obligated to pay Petitioner on behalf of their insureds or to indemnify their insureds.

### Relief Requested

92. WHEREFORE, Petitioner Leo Lewis hereby respectfully requests

- Judgment against Defendants in favor of Petitioner's asserted causes of action;

- Award of compensatory damages;

- Award of punitive and special damages;

- Award costs and attorney's fees pursuant to 42 U.S.C. § 1988(b);

- Any and all other and further relief, at law or in equity, to which Petitioner may be justly entitled.

93. Petitioner pleads any and all other counts and causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and request any and all other damages or remedies which this Court may seem equitable.

94. Petitioner reserves the right to notice of defect to this pleading and reserves the right to amend and/or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading to amend and/or supplement this Petition to the maximum extent allowable by this honorable court, the Federal Rules of Civil Procedure, and the Local Rules.

95. Petitioner hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:      July 16, 2020

Respectfully submitted,
/s/ Ian Dunbar

Ian Dunbar  
Attorney for Petitioner  
8131 Plum Street, Suite 1  
New Orleans, LA 70118  
(504) 226-2292