# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**LEO LEWIS**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NO.  20-2032**

**THE PARISH OF JEFFERSON, ET AL**                              **SECTION "M"(2)**

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Joseph P. Lopinto, III, Sheriff of Jefferson Parish, who, in response to the Complaint filed herein by the Plaintiff, respectfully submits the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Defendant therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

### THIRD DEFENSE

That the Plaintiff's decedent, Leo Brooks, by virtue of his own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## FOURTH DEFENSE

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

## FIFTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

## SIXTH DEFENSE

All of the acts and actions taken by the Defendant herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

## SEVENTH DEFENSE

Defendant further submits that the claims of the Plaintiff are frivolous, groundless and unreasonable and, as such, the Defendant is entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

## EIGHTH DEFENSE

Defendant affirmatively pleads qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

**NINTH DEFENSE**

Any and all damages and/or injuries sustained or incurred by the Plaintiff were the fault of individuals and/or entities over whom the Defendant has no control.

**TENTH DEFENSE**

That any actions taken by the Defendant were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendant to the defense of qualified immunity.

**ELEVENTH DEFENSE**

That the sole and proximate cause of any injuries and/or damages sustained by the Plaintiff during the incident complained of herein were the actions and/or inactions of the Plaintiff himself, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

**TWELFTH DEFENSE**

And now, Defendant responds to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 are denied.

II.

The allegations contained in paragraph 2 are denied.

III.

The allegations contained in paragraph 3 are denied.

IV.

The allegations contained in paragraph 4 require no answer; however, in an abundance of caution, those allegations are denied.

V.

The allegations contained in paragraph 5 are denied for lack of sufficient information upon which to justify a belief therein.

VI.

The allegations contained in paragraph 6 are admitted to the extent that Plaintiff has alleged a cause of action occurring within the jurisdiction of this Court.

VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in paragraph 8 are denied.

IX.

The allegations contained in paragraph 9 are denied in that there is no legal entity capable of being sued known as the Jefferson Parish Sheriff's Office.

X.

The allegations contained in paragraph 10, as they pertain to the status of Joseph P. Lopinto, III as Sheriff are admitted; all other allegations are denied.

XI.

The allegations contained in paragraph 11, as they pertain to the status of Defendant, Wayne Rumore, are admitted; all other allegations are denied.

XII.

The allegations contained in paragraph 12, as they pertain to the status of Defendant, Julio Alvarado, are admitted; all other allegations are denied.

XIII.

The allegations contained in paragraph 13, as they pertain to the status of Defendant, Kurt Zeagler, are admitted; all other allegations are denied.

XIV.

The allegations contained in paragraph 14, as they pertain to the status of Defendant, Donald Clogher, are admitted; all other allegations are denied.

XV.

The allegations contained in paragraph 15, as they pertain to the status of Defendant, Braedon Cohen, are admitted; all other allegations are denied.

XVI.

The allegations contained in paragraph 16, as they pertain to the status of Defendant, Nicholas Broussard, are admitted; all other allegations are denied.

XVII.

The allegations contained in paragraph 17 are denied.

XVIII.

The allegations contained in paragraph 18 require no answer; however, in an abundance of caution, those allegations are denied.

XIX.

The allegations contained in paragraph 19 are denied for lack of sufficient information upon which to justify a belief therein.

XX.

The allegations contained in paragraph 20 are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations contained in paragraph 21 are denied for lack of sufficient information upon which to justify a belief therein.

XXII.

The allegations contained in paragraph 22 are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations contained in paragraph 23 are denied for lack of sufficient information upon which to justify a belief therein.

XXIV.

The allegations contained in paragraph 24 are denied for lack of sufficient information upon which to justify a belief therein.

XXV.

The allegations contained in paragraph 25 are denied for lack of sufficient information upon which to justify a belief therein.

XXVI.

The allegations contained in paragraph 26 are denied for lack of sufficient information upon which to justify a belief therein.

XXVII.

The allegations contained in paragraph 27 are denied.

XXVIII.

The allegations contained in paragraph 28 are denied for lack of sufficient information upon which to justify a belief therein.

XXIX.

The allegations contained in paragraph 29 are denied for lack of sufficient information upon which to justify a belief therein.

XXX.

The allegations contained in paragraph 30 are denied.

XXXI.

The allegations contained in paragraph 31 are denied for lack of sufficient information upon which to justify a belief therein.

XXXII.

The allegations contained in paragraph 32 are denied.

XXXIII.

The allegations contained in paragraph 33 are denied.

XXXIV.

The allegations contained in paragraph 34 require no answer; however, in an abundance of caution, those allegations are denied.

XXXV.

The allegations contained in paragraph 35 are denied.

XXXVI.

The allegations contained in paragraph 36 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVII.

The allegations contained in paragraph 37 are denied.

XXXVIII.

The allegations contained in paragraph 38 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIX.

The allegations contained in paragraph 39 require no answer; however, in an abundance of caution, those allegations are denied.

XL.

The allegations contained in paragraph 40 are denied.

XLI.

The allegations contained in paragraph 41 are denied.

XLII.

The allegations contained in paragraph 42 are denied.

XLIII.

The allegations contained in paragraph 43 are denied.

XLIV.

The allegations contained in paragraph 44 are denied for lack of sufficient information upon which to justify a belief therein.

XLV.

The allegations contained in paragraph 45 require no answer; however, in an abundance of caution, those allegations are denied.

XLVI.

The allegations contained in paragraph 46 are denied for lack of sufficient information upon which to justify a belief therein.

XLVII.

The allegations contained in paragraph 47 are denied for lack of sufficient information upon which to justify a belief therein.

XLVIII.

The allegations contained in paragraph 48 are denied.

XLIX.

The allegations contained in paragraph 49 are denied for lack of sufficient information upon which to justify a belief therein.

L.

The allegations contained in paragraph 50 require no answer; however, in an abundance of caution, those allegations are denied.

LI.

The allegations contained in paragraph 51 are denied for lack of sufficient information upon which to justify a belief therein.

LII.

The allegations contained in paragraph 52 are denied.

LIII.

The allegations contained in paragraph 53 are denied.

LIV.

The allegations contained in paragraph 54 require no answer; however, in an abundance of
caution, those allegations are denied.

LV.

The allegations contained in paragraph 55 are denied for lack of sufficient information upon
which to justify a belief therein.

LVI.

The allegations contained in paragraph 56 are denied for lack of sufficient information upon
which to justify a belief therein.

LVII.

The allegations contained in paragraph 57 are denied for lack of sufficient information upon
which to justify a belief therein.

LVIII.

The allegations contained in paragraph 58 are denied for lack of sufficient information upon
which to justify a belief therein.

LIX.

The allegations contained in paragraph 59 require no answer; however, in an abundance of
caution, those allegations are denied.

LX.

The allegations contained in paragraph 60 are denied for lack of sufficient information upon
which to justify a belief therein.

LXI.

The allegations contained in paragraph 61 are denied for lack of sufficient information upon which to justify a belief therein.

LXII.

The allegations contained in paragraph 62 are denied for lack of sufficient information upon which to justify a belief therein.

LXIII.

The allegations contained in paragraph 63 are denied for lack of sufficient information upon which to justify a belief therein.

LXIV.

The allegations contained in paragraph 64 are denied for lack of sufficient information upon which to justify a belief therein.

LXV.

The allegations contained in paragraph 65 require no answer; however, in an abundance of caution, those allegations are denied.

LXVI.

The allegations contained in paragraph 66 are denied for lack of sufficient information upon which to justify a belief therein.

LXVII.

The allegations contained in paragraph 67 are denied.

LXVIII.

The allegations contained in paragraph 68 are denied.

LXIX.

The allegations contained in paragraph 69 are denied for lack of sufficient information upon which to justify a belief therein.

LXX.

The allegations contained in paragraph 70 are denied for lack of sufficient information upon which to justify a belief therein.

LXXI.

The allegations contained in paragraph 71 require no answer; however, in an abundance of caution, those allegations are denied.

LXXII.

The allegations contained in paragraph 72 are denied.

LXXIII.

The allegations contained in paragraph 73 are denied.

LXXIV.

The allegations contained in paragraph 74 are denied for lack of sufficient information upon which to justify a belief therein.

LXXV.

The allegations contained in paragraph 75 are denied for lack of sufficient information upon which to justify a belief therein.

LXXVI.

The allegations contained in paragraph 76 require no answer; however, in an abundance of caution, those allegations are denied.

LXXVII.

The allegations contained in paragraph 77 are denied for lack of sufficient information upon which to justify a belief therein.

LXXVIII.

The allegations contained in paragraph 78 are denied for lack of sufficient information upon which to justify a belief therein.

LXXIX.

The allegations contained in paragraph 79 require no answer; however, in an abundance of caution, those allegations are denied.

LXXX.

The allegations contained in paragraph 80 are denied.

LXXXI.

The allegations contained in paragraph 81 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXII.

The allegations contained in paragraph 82 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXIII.

The allegations contained in paragraph 83 are denied.

LXXXIV.

The allegations contained in paragraph 84 are admitted.

LXXXV.

The allegations contained in paragraph 85 are denied.

LXXXVI.

The allegations contained in paragraph 86 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXVII.

The allegations contained in paragraph 87 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXVIII.

The allegations contained in paragraph 88 are denied.

LXXXIX.

The allegations contained in paragraph 89 are denied.

XC.

The allegations contained in paragraph 90 are denied.

XCI.

The allegations contained in paragraph 91 require no answer; however, in an abundance of caution, those allegations are denied.

XCII.

The allegations contained in paragraph 92 are denied for lack of sufficient information upon which to justify a belief therein.

XCIII.

The allegations contained in paragraph 93 require no answer; however, in an abundance of caution, those allegations are denied.

XCIV.

The allegations contained in paragraph 94 are denied for lack of sufficient information upon which to justify a belief therein.

XCV.

The allegations contained in paragraph 95 require no answer.

XCVI.

Further answering, and by way of affirmative defense, Defendant avers that the sole and proximate cause of any and all damages and/or injuries sustained by Plaintiff herein were the acts and/or omissions of the decedent, Leo Brooks, which acts and/or omissions are pled in bar of/reduction of any recovery by the Plaintiff herein.

XCVII.

Further answering, Defendant affirmatively pleads that any and all actions taken by any Jefferson Parish Sheriff's Office deputy during the incidents complained of herein were taken in good faith, with probable cause, and without malice, entitling those deputies to qualified immunity.

XCVIII.

Defendant affirmatively pleads third party fault in bar of/reduction of any recovery herein.

XCIX.

Defendant respectfully requests trial by jury on all issues herein.

**WHEREFORE,** Defendant, Sheriff Joseph P. Lopinto, III, prays that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendant, Sheriff Joseph P. Lopinto, III, and against the Plaintiff, Leo Lewis, dismissing the Plaintiff's Complaint, with prejudice, and at Plaintiff's costs.

Respectfully submitted,
**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone:  (504) 834-7676
Facsimile:  (504) 834-5409

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
Attorneys for Defendant, Sheriff Joseph P.
Lopinto, III

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)